**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

──────────────

**No. 19-4267**

──────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SAHEED JAMAL GRANT,

        Defendant - Appellant.

──────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:18-cr-00107-MR-WCM-1)

──────────────

Submitted:  January 12, 2022                        Decided:  February 8, 2022

──────────────

Before NIEMEYER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

──────────────

Affirmed by unpublished per curiam opinion.

──────────────

**ON BRIEF:**  Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

──────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saheed Jamal Grant appeals his conviction and the 180-month sentence imposed after he pled guilty, pursuant to a plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but raising as a possible issue for review the continued validity of Grant's sentence, which was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Grant filed pro se supplemental briefs in which he challenges his Sentencing Guidelines range calculation, asserts that his counsel rendered ineffective assistance, and suggests that his conviction has been invalidated by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Government has declined to file a response brief. Finding no error, we affirm.

Because Grant did not challenge his conviction in the district court, we review Grant's *Rehaif* argument for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). To establish plain error, Grant must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *See Olano*, 507 U.S. at 732; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (holding that, in the guilty plea context, an error affects substantial rights if there is "a reasonable probability that, but for the error, [the defendant] would not have entered the plea"). Even if Grant makes this three-part showing, however, correction of the error remains within our discretion, which "should not [be] exercise[d] . . . unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (brackets and internal quotation marks omitted).

2

We reject Grant's suggestion that his conviction is no longer lawful under *Rehaif*. In *Rehaif*, the Supreme Court held that, to obtain a felon in possession conviction, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. But the factual basis underlying Grant's conviction and to which he expressly agreed indicated that, on the date of his arrest and after being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), Grant informed an officer that he was previously convicted of a felony.

As it is undisputed that Grant was fully aware he was a convicted felon at the time he committed the crime to which he pled guilty, *Rehaif* affords Grant no relief. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (holding that a "defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon" because "[i]f a person is a felon, he ordinarily knows he is a felon"). Moreover, a review of Grant's plea hearing establishes that the district court complied with the requirements of Fed. R. Crim. P. 11 and that Grant's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore affirm Grant's conviction.

We also affirm Grant's sentence. We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012); *see Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no "significant procedural error."

3

*United States v. Evans*, 526 F.3d 155, 162 (4th Cir. 2008) (internal quotation marks omitted). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district court, we review for abuse of discretion" and will reverse "unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012) (internal quotation marks, alteration, and emphasis omitted).

In reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances," and, if the sentence is within the properly calculated Guidelines range, we presume on appeal that the sentence is substantively reasonable. *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Grant's sentence is procedurally and substantively reasonable. Grant's Guidelines range was correctly calculated and he faced a 15-year statutory

mandatory minimum sentence, which became his Guidelines range.  The district court adopted the Guidelines range set forth in Grant's presentence report, listened to counsel's argument regarding the § 3553(a) factors, afforded Grant an opportunity to allocute, and imposed the statutory mandatory minimum sentence applicable to Grant's conviction, which was requested by both parties.  We discern no basis on which to question the substantive reasonableness of Grant's sentence and, thus, affirm the 180-month sentence.

Although Grant also suggests that he received constitutionally ineffective assistance of counsel, unless the record conclusively establishes that counsel rendered ineffective assistance, such claims are not cognizable on direct appeal.  *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).  Because the record does not conclusively establish that counsel rendered ineffective assistance, we decline to address this claim on direct appeal.  Thus, Grant's arguments are more appropriately raised, if at all, in a 28 U.S.C. § 2255 motion.  *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006).  We express no opinion as to the merits of Grant's ineffective assistance of counsel claims.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal.[*]  We therefore affirm the district court's judgment.  This court requires that counsel inform Grant, in writing, of the right to petition the Supreme Court of the United States for further review.  If Grant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

---

[*] We have considered the remaining challenges Grant raises in his pro se briefs and find them to be meritless.

5

court for leave to withdraw from representation. Counsel's motion must state that a copy

thereof was served on Grant. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*